**SO ORDERED.**

**SIGNED this 13 day of August, 2021.**

_____
**Joseph N. Callaway**
**United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## RALEIGH DIVISION

IN RE:

| | |
|---|---|
| AMJED FARAJ HATU | Case No. 19-05428-5-JNC |
| Debtors | Chapter 7 |

JAMES B. ANGELL, Chapter 7 Trustee for
    Amjed Faraj Hatu,

and

AMJED FARAJ HATU,
    Plaintiffs,

v.                                                                              Adv. Pro. No. 21-00023-5-JNC

SOUTHCO DISTRIBUTING COMPANY,
    Defendant

## MEMORANDUM OPINION AND ORDER ON DEFENDANT'S MOTION TO DISMISS COMPLAINT AND REQUEST FOR ABSTENTION

The matter before the court is the Motion to Dismiss Complaint seeking Avoidance of Attachment Liens and Motion for Abstention (AP Dkt. 12; the "Motion")[1] filed by defendant Southco Distributing Company ("Southco" or the "Defendant"), and the two responses in

---

[1] Documents directly filed in this adversary proceeding are denominated by reference to A.P. Dkt. #_. Documents filed in the corresponding primary bankruptcy case are denominated by reference to Ch. 7 Dkt. #_.

1

opposition thereto (the "Responses") respectively filed by co-plaintiffs James B. Angell (the "Trustee"), in his capacity as chapter 7 trustee for Amjed Faraj Hatu (AP Dkt. 14), and Amjed Faraj Hatu, the chapter 7 debtor in this case ("Mr. Hatu" or the "Debtor") (AP Dkt. 17). A hearing on the matter was noticed for and held July 28, 2021, in Greenville, North Carolina. James B. Angell appeared for the Trustee; Kathleen O'Malley appeared on behalf of the Debtor; and Byron L. Saintsing appeared representing Southco.

## JURISDICTION

The court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 151 and 1334, and it is authorized to hear the matters raised under the General Order of Reference entered August 3, 1984 by the United States District Court for the Eastern District of North Carolina. The surviving matters raised in the adversary proceeding make it a core proceeding pursuant to 28 U.S.C. § 157(b). The court has statutory and constitutional authority to enter this order pursuant to *Wellness Int'l Network, Ltd., v Sharif*, 575 U.S. 665, 135 S. Ct. 1932, 1947 (2015).

## PROCEDURAL POSTURE

Mr. Hatu filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on November 25, 2019 (the "Petition Date") (Ch. 7 Dkt. 1). On May 5, 2021, his chapter 11 case was converted to a proceeding under chapter 7 (Ch. 7 Dkt. 250), and Mr. Angell was appointed as chapter 7 trustee for the case the same day (Ch. 7 Dkt. 253).

Prior to chapter 7 conversion, the complaint in this adversary proceeding was filed by Mr. Hatu as plaintiff on March 5, 2021 (AP Dkt. 1). After conversion, on March 11, 2021, the Trustee moved to intervene and replace Mr. Hatu as the primary plaintiff (AP Dkt. 8). By order entered June 2, 2021, the Trustee was authorized to intervene and become the primary plaintiff, with Mr.

Hatu being permitted to remain in the case to the extent his allowable exemptions might be impaired by the case result under 11 U.S.C. § 522(f),(g), and (h) (AP Dkt. 11).[2]

## PROCEDURAL POSTURE

The heart of the cause of action is the attempt by the Debtor and the Trustee to set aside prejudgment, prepetition orders of attachment issued by the Superior Court of Wake County, North Carolina, in a case filed there by Southco against Mr. Hatu among others seeking to obtain a judgment for breach of contract and other claims. *See Southco Distributing Co. v. H and H Distributors, et al*, NO. 18-CVS-4253 (N.C. Sup. Ct. 2018) (the "state court action"). In that case, shortly after filing suit, Southco was granted prejudgment attachment liens against real property owned by Mr. Hatu or former trusts controlled by him in Pitt, Martin and Nash Counties, North Carolina, that otherwise are property of this bankruptcy estate.

The complaint here seeks to relegate Southco to unsecured status by avoiding or otherwise removing the attachment liens granted in the state court action from that real property. In it, the plaintiffs assert five causes of action: (1) avoidance of the prepetition state court attachment liens issued for Southco as constructively fraudulent pursuant to 11 U.S.C. § 548(a)(1)(B); (2) a declaratory judgment that the attachment liens are invalid under North Carolina law; (3) in the alternative, relief from the automatic stay of 11 U.S.C. § 362(a) to return to state court and challenge the attachment liens there; (4) equitable subordination of the attachment liens pursuant to 11 U.S.C. § 510(c); and (5) modification of the attachment liens under N.C. Gen. Stat. § 1-440.43, made applicable to this proceeding by 11 U.S.C. § 544.

---

[2] The Debtor's right to claim an exemption in property estate pursuant to N.C.G.S. § 1C-1601(a)(2), made applicable by 11 U.S.C. § 522 and North Carolina's "opt-out" of the federal exemptions, give him a monetary claim presently limited to $5000 in the subject real estate. His interest as a plaintiff here is limited to preserving that exemption right.

Southco filed the Motion and an accompanying Memorandum of Law in Support (AP Dkt. 13) asserting, among other things, that the bankruptcy court has no jurisdiction to hear a challenge or collateral attack on the prejudgment attachment liens because, due to the effect of the *Rooker-Feldman* doctrine, the state court has exclusive jurisdiction over its attachment lien orders; and alternatively for reasons of comity, the bankruptcy court should voluntarily abstain from ruling on plaintiffs' claims. The Trustee, in his Memorandum in Support of Response (AP Dk. 15) maintains that the *Rooker-Feldman* doctrine is inapplicable to the present controversy because, among other things, the attachment orders are not final as state courts can amend or dissolve them, or if deemed final, the liens are subject to avoidance or subordination under the Bankruptcy Code.

At the hearing, the Trustee requested that he be allowed to voluntarily dismiss the Third Claim for Relief (the alternative request for relief from automatic stay) without prejudice, which request was granted in open court. Therefore, the merits of the third claim are not considered in this order. After considering the legal arguments in the Memorandum and the presentations of counsel made at the hearing, and accepting all facts pled in the Complaint as true, at the conclusion of the hearing the court announced that the Motion would be granted as to the second (declaratory judgment) and fourth (equitable subordination) claims for relief, and denied as to the first (section 548) and fifth (section 544) claims for relief. This memorandum opinion and order sets for the basis of the court's decision.

## DISCUSSION

I.     **Standard of Review—12(b)(6) and 12(b)(1)[3]**

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). If a complaint fails to meet this threshold obligation, the action should be dismissed under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); s*ee Tobey v. Jones,* 706 F.3d 379, 387 (4th Cir. 2013). The complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly* 550 U.S. 544, 570 (2007). *Bell* was followed by in *Ashcroft v. Iqbal*, which explained that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and that "only a complaint that states a plausible claim for relief survives a motion to dismiss." 129 S. Ct. 1937, 1949 (2009). The allegations must be more than a "formulaic recitation of the elements" of a claim. *Id.* at 1951. *See also, Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir, 1992).

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged*. See Fessler v. Int'l Bus. Machs. Corp.*, 959 F.3d 146, 152 (4th Cir. 2020). Plausibility is not a synonym for probability; but it is more than a sheer possibility that a defendant acted unlawfully. *Ashcroft,* 129 S.Ct. at 1949. Dismissal is proper when, from the face of the complaint, it is clear that the asserted claims are not supported by law, that one or more facts necessary to assert a valid claim are not pled, or that facts exist that necessarily defeat the plaintiff's claims. Mere conclusions of law

---

[3] While not specifically delineated as such in the Motion, several of defendant's arguments, most prominently its mandatory abstention and *Rooker Feldman* positions, rest in part on assertions the bankruptcy court lacks jurisdiction over these claims. If so, the correct motion would be based on Rule 12(b)(1) of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure. Regardless, the court will consider the lack of jurisdiction argument here.

5

recited in a complaint are not factual allegations. In reviewing a motion to dismiss under Rule 12(b)(6), the court may review documents attached to the complaint or other filings incorporated by reference, *Clatterbuck v. City of Charlottesville,* 708 F.3d 549, 557 (4th Cir. 2013). A court may also take judicial notice of matters of public record. *Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (citing *Hall v. Virginia*, 385 F.3d 421, 424 (4th Cir. 2004)).

If the action seeks to avoid the attachment liens based on fraud, an even higher standard of pleading is required. Rule 9(b) of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rule 7009 of the Federal Rules of Bankruptcy Procedure, requires that a party to "state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). "To comply with this particularity requirement, a plaintiff must plead the 'time, place, and contents of the alleged fraudulent representation, as well as the identity of each person making the misrepresentation and what was obtained thereby.'" *McGinnis v. Fatone (In re Fatone)*, Case No. 13–00081–8–RDD, AP Case No. 13-00085-8-RDD, 2013 WL 5798999, at *2 (Bankr. E.D.N.C. Oct. 25, 2013) (citing *Riley v. Murdock*, 828 F. Supp. 1215, 1225 (E.D.N.C. 1993)). *See also, In re KVS Foodsystems, LLC*, 2009 Bankr. LEXIS 1184 (Bankr. E.D.N.C. April 29, 2009).

The threshold question, therefore, is what standard is required for review of the claims presented in the complaint filed in this action. In many instances, claims pursuant to 11 U.S.C. §§ 544 and 548 are based on alleged fraudulent conduct and therefore require pleading with particularity. However, the instant complaint is not based on allegations of fraud or deceit by the Debtor or Southco. The first claim in the complaint is made under 11 U.S.C. § 548, but it makes no reference to avoiding the attachment liens for actual intent by the debtor to hinder, delay or defraud his creditors under 11 U.S.C. § 548(a)(1)(A). Rather, that claim is limited to avoiding the

attachment liens pursuant to 11 U.S.C. § 548(a)(1)(B) as an involuntary transfer made by the Debtor of valuable assets for which little or no consideration was received and made while the Debtor was insolvent (or that left him as insolvent). If a claim under section 548(a)(1)(A) were asserted, the heightened pleading requirement of Rule 9 would likely apply. However, since that claim is limited to section 548(a)(1)(B), the plaintiffs are not held to the particularity standard. Satisfying the *Iqbal/Twombley* standard will suffice.

Similarly, the fifth claim made pursuant to 11 U.S.C. § 544 makes no reference to fraudulent transfer avoidance pursuant to the Uniform Voidable Transfers Act in effect as Chapter 39 of the North Carolina General Statutes or common law fraud. Those claims would fall in subsection 544(b), which is not asserted in the complaint. Instead, the fifth claim is limited to an assertion under subsection 544(a)(1) that the Trustee stands in the shoes of judicial lien creditor as of the petition date, and the attachment liens were not final and effective as a permanent lien against the real property as of that date or are otherwise subject to set aside under state or federal law. If true, the estate's hypothetical lien would, the Trustee asserts, trump Southco's permeable lien in terms of priority. The section 544 claim contained in the complaint is therefore limited to subsection (a)(1) as no assertion of a voluntary lender lien creditor under its subsection (a)(2), a bona fide purchaser for value under subsection (a)(3), or state law voidable transfer for fraudulent conduct under 544(b) is alleged. Meeting the *Iqbal/Twombley* pleading standard will suffice.

II.    **Analysis**

    A.    **Claims Two and Four**

Even a cursory review of the complaint shows that factual allegations in support of the second claim are missing from the complaint.  The plaintiffs fail to set out facts that would indicate why the state court originally issuing the attachments would amend, modify, set aside, or dissolve

the attachments. Rather a simple conclusion is stated that Southco did not meet the standard required under North Carolina law when the orders issued. Virtually no analysis, factual or otherwise, is provided. Neither this court, nor a state court for that matter, can act in a vacuum. Merely citing North Carolina statutes that provide the procedure for relief and quoting the legal elements for a section 510(c) claim are not substitutes for factual pleadings. Barren of factual allegations, and relying largely on legal conclusions and recitation of elements, the second claim as presented in the complaint does not meet the *Iqbal/Twombley* plausibility standard.[4]

Similarly, regarding the fourth claim, factual allegations sufficient to support subordination of the attachment liens under section 510(c) of the Bankruptcy Code are missing. "The Bankruptcy Court may only equitably subordinate a claim . . . because of the fraudulent nature of a claim or bad faith or improper conduct of a claimant." *In re Provence Grande Olde Liberty, LLC*, Case No. 13–01563–8–RDD, AP Case No. 13-00122-8-RDD, 2014 WL 6901052, at *7 (Bankr. E.D.N.C. December 5, 2014) [affm'd 655 Fed. Appx. 971 (4th Cir. 2016)]   "[A] claim will not be subordinated unless it is shown that the claimant has acted inequitably in the course of his relationship with the debtor and that those actions have harmed the debtor or his other creditors in some way. *In re Westgage–California Corp.,* 642 F.2d [1174] at 1178; quoting *In re Ahlswede,* 516 F.2d 784, 788 (9th Cir.1975)." *Id*.

As with the second claim based on legal grounds, the complaint simply does include factual pleadings sufficient to support an equitable remedy either. Subordinating a claim requires a review of actions or conduct sufficient to form a claim objection. Merely obtaining a prejudgment

---

[4] The second claim is the only purely state law based relief sought in the complaint. The first, fourth, and fifth claims are founded in chapter 5 of the Bankruptcy Code.   As a consequence, if the second claim had survived pleading sufficiency review, a closer look at abstention or *Rooker-Feldman* analysis for it would have followed.

attachment is not inequitable conduct because the law provides that avenue of relief.[5] More facts than that are required.

For these reasons, the second claim and the fourth claim must both be dismissed, subject to a fair opportunity for the Trustee to amend the pleadings.

### B. Claims One and Five

For actions under 11 U.S.C. §§ 544(a) and 548(a)(1)(B), the particularity standard does not apply. Standard pleading rules are sufficient. Therefore, turning to claims one and five, the court finds these claims have been sufficiently pled to survive defendant's 12(b)(6) motion. In fact, "[t]he elements of [section] 548(a)(1)(B) of the Bankruptcy Code involve questions of fact that may not be resolved through a motion to dismiss." *In re James River Coal Co.*, 360 B.R. at 166. "'Reasonably equivalent value' is a question of fact and it is not appropriate for the Court to determine the element at this point." *In re Health Diagnostic Lab'y, Inc.*, 2017 Bankr. LEXIS 2230, at *43. Both of these maxims apply to section 544(a) as well, where the question is lien priority due to lack of finality. Answering that question is not appropriate on a motion to dismiss.

#### i. Rooker-Feldman Doctrine

Southco counters that its prepetition, prejudgment attachment liens are unassailable by the bankruptcy court under any section because, once entered by the state court, the liens cannot be challenged due to the *Rooker-Feldman* doctrine. In essence, it argues that the bankruptcy court has no jurisdiction to reach the claim because the state court has ruled, and the bankruptcy court is not a court of appeals for state courts.

The Rooker-Feldman doctrine precludes "lower federal courts . . . from exercising appellate jurisdiction over final state-court judgments." *Lance v. Dennis*, 546 U.S. 459, 463

---

[5] It should be noted that if those factual grounds rely on fraudulent conduct (or mistake), as equitable subordination claims often do, the Rule 9 particularity pleading standard comes into play.

(2006)). It is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Under North Carolina law, "[a] final judgment is one which disposes of the cause as to all the parties, leaving nothing to be judicially determined between them in the trial court." *Johnson v. Johnson,* 701 S.E.2d 722, 724 (N.C. Ct. App. 2010) (quoting *Tridyn Indus., Inc. v. Am. Mut. Ins. Co.,* 251 S.E.2d 443, 445 (N.C. 1979)). Whereas, "[a]n interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." *Id. See also, Hunter v. Hunter*, 486 S.E.2d 244, 245 (N.C. Ct. App. 1997); *Veazey v. Durham*, 57 S.E.2d 377 (N.C. 1950).

Defendant contends that all of Plaintiffs' claims are an improper collateral attack on valid orders of attachment prohibited by the *Rooker-Feldman* doctrine. That argument might have merit if the lien attachment orders had been rendered with finality by the state court, and if all deadlines for chapter 5 avoidance actions had terminated. However, neither of those conditions are presented, at least not at this motion to dismiss stage of the case. Southco has not obtained a final judgment in the state court action; the state court case remains pending and is only stayed by 11 U.S.C. § 362(a). Further, because an attachment is merely an ancillary proceeding under North Carolina law, an attachment must have a judgment or other final judicially determined final claim to latch onto. Otherwise, it is not a final claim. No such judgment or other final state court determination has been made in 18-CVS-4253 or any other case. The defendant has not asked that the bankruptcy court modify the stay and send the case back to state court. Therefore, pursuant to

N.C. Gen. Stat. § 1-440.43 and other state law, a court of competent jurisdiction may, if the facts and law warrant, amend or dissolve the attachment orders.

Further, Southco has made no showing that the liens, whether final or not, would not be subject to avoidance in the bankruptcy court. The core of bankruptcy court jurisdiction lies with its authority to determine the validity, extent, and priority of competing liens, whether under exclusive federal jurisdiction federal law [here, 11 U.S.C. § 548(a)] or concurrent state law brought into this adversary proceeding via 11 U.S.C. § 544(a)(1). Liens are regularly set aside or avoided under sections 544 and 548 of the Bankruptcy Code. Because no final state court order has been issued, the attachment liens here remain subject to possible avoidance under the chapter 5 provisions.[6] Claims One and Five therefore cannot be dismissed at the Rule 12 motions stage of this adversary proceeding.

### ii. Abstention

With respect to abstention, for the present only the section 548(a)(1)(B) and 544(a) claims survive. A state court has no jurisdiction over Bankruptcy Code chapter 5 claims, those causes of action being the exclusive province of this federal court. Therefore, the motion to abstain was denied at the hearing. If state law and equitable conduct claims are reasserted in the amended complaint, Southco may renew this motion.

### C. Oral Motion to Amend

As indicated, at the hearing the Trustee requested leave from the court for leave to amend the Complaint that he had inherited from Mr. Hatu to add factual pleadings in support of the surviving claims, to revive the dismissed claims, and to assert new claims. The court granted his

---

[6] In footnote one in his Memorandum, the Trustee alludes to other challenges to the validity of Southco's lien documents, but he does not identify the documents or the basis for challenge as to validity. Since those matters are not found within the four corners of the Complaint, the aspersion as cast by the Trustee does not affect the outcome here. All material facts must be pled with detail sufficient to discern the claim.

motion for leave to amend, allowing the Trustee thirty (30) days from the posting of this order to file an amended complaint in this adversary proceeding.[7] The dismissal of the declaratory judgment and section 510(c) claims for relief will be stayed in the interim.

IT IS THEREFORE ORDERED AND DECREED:

1. The Motion is granted in part and denied in part.

    a. It is GRANTED as to the Second Claim for Relief (declaratory judgment) and the Fourth Claim for Relief under section 510 (c) (equitable subordination); and

    b. It is DENIED as to the First Claim for Relief under section 548(a)(1)(B) (constructive fraud avoidance) and the Fifth Claim for Relief under section 544(a)(1) (hypothetical judicial lien creditor).

2. The Third Claim is dismissed without prejudice as requested by the Trustee.

3. The Trustee's oral motion for leave to amend the complaint made in open court at the hearing is ALLOWED. As a result:

    a. Further effect of the dismissal of claims two and four is stayed pending the timely filing of an amended complaint;

    b. The Trustee is permitted thirty (30) days from the date of this Order to file an amended complaint in this adversary proceeding; and

    c. Southco will have thirty (30) days from the filing of the amended complaint to file an answer or other responsive pleadings thereto.

**END OF DOCUMENT**

---

[7] The exemption preservation claim of Mr. Hatu may be asserted in the Amended Complaint also.